**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENNETH TILLMAN,

    Defendant - Appellant.

No. 25-1366
(D.C. No. 1:24-CR-00020-CNS-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MORITZ**, and **EID**, Circuit Judges.
_____

Kenneth Tillman pled guilty to possession with intent to distribute fentanyl

and possession of a firearm and ammunition by a prohibited person.  The district

court sentenced him to 80 months in prison, which was below the advisory

sentencing guidelines range of 92 to 115 months.  He filed a notice of appeal.  The

government has now moved to enforce the appeal waiver in his plea agreement under

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004).

Mr. Tillman's counsel filed a response to the motion and moved to withdraw,

citing *Anders v. California*, 386 U.S. 738 (1967).  Counsel stated that she made a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"thorough and conscientious review of the entire record of the proceedings," and "concluded that there exists no non-frivolous issue that can be raised in this appeal on behalf of [Mr. Tillman] in connection with his right to appeal or waiver thereof." Resp. at 9. Consistent with *Anders*, 386 U.S. at 744, we gave Mr. Tillman the opportunity to file a pro se response. His response was initially due on January 23, 2026, but he requested an extension of time to file it. The court granted him an extension until February 23, and sua sponte extended the deadline to March 3, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

We have fully examined all the proceedings. *See Anders*, 386 U.S. at 744. After doing so, we agree there is no non-frivolous basis to oppose the government's motion. We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw as Mr. Tillman's attorney.

Entered for the Court

Per Curiam

2